IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT JACKSON,

    Petitioner,                                     Civ. No. 2:16-cv-267
                                              Crim. No. 1:05-cr-0046
    v.                                             JUDGE MICHAEL H. WATSON
                                              Magistrate Judge King

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a *Motion to Vacate under 28 U.S.C. § 2255* ("*Motion to Vacate*"). This matter is before the Court on the *Motion to Vacate* (ECF No. 51), Respondent's *Response to Defendant's Petition for Relief under 28 U.S.C. § 2255* (ECF No. 60)("*Government's Response*"), Petitioner's *Reply to Government's Response* (ECF No. 61)("*Petitioner's Reply*")*,* and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that the *Motion to Vacate* be **GRANTED** and that Petitioner be resentenced on his conviction under 18 U.S.C. § 922(g)(1).

## Facts and Procedural History

On April 8, 2005, Petitioner was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). That statute ordinarily authorizes a maximum sentence of 10 years in prison. However, the *Indictment* also included enhancing allegations under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), *i.e.,* that Petitioner had previously been convicted of three violent felonies: a 1978 robbery conviction and two 1982 breaking and entering convictions, all in the Hamilton County Court of Common Pleas. *Indictment* (ECF No. 15). Under the ACCA, such a defendant would face, upon conviction, a

mandatory minimum term of 15 years in prison to a maximum of life in prison. Petitioner moved to strike the enhancing allegations, taking the position that one of the 1982 breaking and entering convictions, Case No. B 82-3264, could not be considered a "violent felony" within the meaning of the ACCA. *Motion to Strike ACCA Provision of the Indictment* (ECF No. 20). On October 25, 2005, the Court denied that motion. *Order* (ECF No. 28). On December 13, 2005, Petitioner pled guilty to the charge pursuant to the terms of a *Plea Agreement* (ECF No. 32).[1] On August 24, 2006, the Court sentenced Petitioner, as an armed career criminal, to the mandatory minimum term of imprisonment of fifteen years, or 180 months. *Judgment* (ECF No. 40). Petitioner pursued an appeal from his conviction and sentence; however, his attorney moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. *United States of America v. Jackson*, No. 06-4332 (6th Cir. Sept. 24, 2007).

Petitioner filed the *Motion to Vacate* on January 26, 2016. The *Motion to Vacate* argues that, in view of *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015), Petitioner's other 1982 breaking and entering conviction, Case No. B 82-0454, does not qualify as a violent felony under the ACCA. *Petitioner's Reply*, filed on November 28, 2016, argues that, in view of *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243 (2016), neither of his 1982 breaking and entering convictions qualifies as a violent felony under the ACCA in view of *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243 (2010). According to Petitioner, his 180 month sentence was

---

[1] Under the *Plea Agreement*, Petitioner "reserve[d] his right to appeal the Court's determinations regarding the defendant's motion to strike the armed career criminal provision of the indictment." *Plea Agreement* (ECF No. 32, PageID# 77). *See also Transcript of Change of Plea Hearing* (ECF No. 45, PageID# 127).

2

therefore improperly enhanced. Respondent contends that Petitioner has failed to state a claim, and argues that this action must be dismissed.[2]

## Standard of Review

In order to obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States, where the trial court lacked jurisdiction, or when the sentence was in excess of the maximum sentence allowed by law or is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States,* 417 U.S. 333, 346 (1974)(quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006).

## Merits

Petitioner challenges the Court's determination that he qualified as an armed career offender based on his two 1982 breaking and entering convictions in the Hamilton County Court of Common Pleas.[3] *See Presentence Report*, ¶¶ 47, 48; *Sentencing Transcript* (ECF No. 46, PageID# 146). Both convictions were based on alleged violations of O.R.C. § 2911.13, which provides in pertinent part as follows:

---

[2] The *Government's Response*, which addressed only Petitioner's challenge, under *Johnson,* to the use of his conviction in Case No. B 82-0454 as a predicate offense under the ACCA, was filed after the United States Supreme Court issued its decision in *Mathis* but before Petitioner had filed *Petitioner's Reply*, which challenges the use of both breaking and entering convictions as predicate offenses under the ACCA in light of *Mathis*.

[3] Petitioner does not challenge the use of his 1977 robbery conviction in the Hamilton County Court of Common Pleas in his classification as an armed career offender. *See Addendum to Presentence Report*; *Sentencing Transcript* (ECF No. 46, PageID# 146).

3

> (A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.
> (B) No person shall trespass on the land or premises of another, with purpose to commit a felony.

O.R.C. § 2911.13.

Under the ACCA, a criminal defendant who possesses a firearm following conviction on three or more convictions for, *inter alia*, a "violent felony" is subject to a prison term ranging from 15 years to life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2). Thus, a prior conviction qualifies as a predicate offense under the ACCA if it

> (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," known as the elements clause; (2) "is burglary, arson, or extortion, [or] involves use of explosives," known as the enumerated offenses clause; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause.

*United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017). The United Supreme Court has held that the residual clause of the ACCA is unconstitutionally vague. *Johnson,* 135 S.Ct. at 2555–2556). *See also Welch v. United States,* — U.S. —, —, 136 S.Ct. 1257, 1261 (2016) (holding that *Johnson* applies retroactively to cases on collateral review**).**

The ACCA also imposes a 15-year mandatory minimum sentence on defendants whose three prior convictions include any of the specifically enumerated offenses of "burglary, arson, or extortion." "To determine whether a past conviction is for one of those offenses, courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense – *i.e.*, the offense as commonly understood." *Mathis*, 136 S. Ct. at 2247. In so doing, courts apply a "categorical approach," focusing only on the statutory definition of the state crime of conviction rather than on the particular facts of the case. *Id.* at 2248 (citing *Taylor v. United States,* 495 U.S. 575, 600-01 (1990)). *See also United States v. Patterson*, 853 F.3d at 302.

The Supreme Court has adopted "the generic, contemporary meaning of burglary," which includes . . . "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor,* 495 U.S. at 598. The United States Court of Appeals for the Sixth Circuit has previously held that a charge of breaking and entering in violation of O.R.C. § 2911.13(A) constitutes "generic burglary," but that a charge under § 2911.13(B) does not. *United States v. Bentley*, 29 F.3d 1073, 1077 (6th Cir. 1994) (citing *Taylor,* 495 U.S. at 599). *Bentley* observed, further, that a conviction under § 2911.13(B) does not otherwise qualify as a violent felony sufficient to serve as a predicate offense under the ACCA:

> [O]ne can certainly trespass on land with the intent to commit a felony without attempting or threatening to use any form of physical force. Thus, a violation of § 2911.13(B) does not qualify as a violent felony under the first prong of § 924(e)(2)(B). Finally, from the Legislative Committee Note it is clear that breaking and entering, without more, does not "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). Thus, a violation of § 2911.13(B) is not a violent felony under the second prong of § 924(e)(2)(B).

*Id*.

Case No. B 82-0454

In Case No. B 82-0454, the Hamilton County Grand Jury originally charged Petitioner with aggravated burglary:

> [Petitioner,] by force, or stealth or deception, trespassed in a separately secured or separately occupied portion of an occupied structure, to wit: Apartment #890 at 127 Goethe Street, and it was the said Robert Jackson's . . . purpose in committing such trespass to commit a theft offense or felony in such occupied structure, which was the permanent habitation of Wendy Vinson in which at the time a person was present or likely to be present, in violation of Section 2911.11 of the Ohio Revised Code, and against the peace and dignity of the State of Ohio.

*Indictment,* attached to *Motion to Vacate* (ECF No. 51, PageID# 188). In April 1982, Petitioner withdrew his previously entered not guilty plea and pled guilty to a charge of "Breaking & Entering" in violation of "Revised Code 2911.13." *Entry,* attached to *Motion to Vacate* (ECF No. 51, PageID# 189). *See also Judgment Entry: Sentence: Incarceration*, attached to *Motion to Vacate* (ECF No. 51, PageID# 190) (referring to the offense of "Breaking and Entering, 2911.13 R.C., F-4").

As noted, Petitioner was originally charged in Case No. 82-0454 with aggravated burglary in violation of O.R.C. §2911.11. That statute – as did the indictment charging Petitioner with the offense – refers to an "occupied structure." By contrast, subsection (A) of the breaking and entering statute, O.R.C. § 2911.13, expressly refers to an "unoccupied structure."[4] The original charge, which referred to a trespass into the "permanent habitation of Wendy Vinson in which at the time a person was present or likely to be present," would not be addressed by O.R.C. § 2911.13(A). On the other hand, O.R.C. § 2911.13(B), which refers merely to "the land or premises of another," could capture the events charged in the *Indictment* if the "theft offense"

---

[4] Because of this difference, a charge of breaking and entering in violation of O.R.C. § 2911.13(A) is not a lesser included offense of a charge of aggravated burglary in violation of O.R.C. § 2911.11. *Ohio v. Lane*, 50 Ohio App. 2d 41, 44 (Ct.App. 10th Dist. 1976).

referred to in the *Indictment* were also a felony offense. However, as noted *supra*, the Sixth Circuit has held that O.R.C. § 2911.13(B) cannot qualify as a predicate offense under the ACCA. *United States v. Bentley*, 29 F.3d 1073.

Although Petitioner's other predicate breaking and entering conviction, Case No. B 82-3264, was expressly regarded as a conviction under O.R.C. § 2911.13(A), *see Motion to Strike ACCA Provision of the Indictment* (ECF No. 20); *Order* (ECF No. 28), the record does not specify whether Petitioner's conviction in Case No. B 82-0454 qualified as a burglary conviction under O.R.C. § 2911.13(A) or (B), or whether it instead qualified as an ACCA predicate offense under the then-valid residual clause of 18 U.S.C. § 924(e)(1)(B)(ii). The United States acknowledges that, under the circumstances presented in this case, it is impossible to now determine the precise basis for the characterization of this conviction as an ACCA predicate offense. *Government's Response* (ECF No. 60, PageID# 209-12).[5]

> [G]iven the lack of any objection as to the April breaking-and-entering conviction, the federal sentencing transcript is silent both as to what subsection of the Ohio statute the Court understood to have been violated and what subsection of § 924(e) the Court understood to apply. (R. 41, sentencing transcript at 146).

*Id.* (PageID# 211). Respondent argues that relief is not warranted under these circumstances because it is the Petitioner's burden to establish error on collateral review. However, the Supreme Court has cautioned that there must be "'certainty' when determining whether a defendant was convicted of a generic offense." *Mathis*, 136 S.Ct. at 2257 (quoting *Shepard*, 544 U.S. at 21). As even Respondent appears to recognize, Petitioner's conviction in Case No. B 82-0454 could have been regarded as a prior violent felony under the now constitutionally invalid residual clause of the ACCA. This ambiguity surrounding the basis for Petitioner's

---

[5] Neither the *Presentence Investigation Report* nor the *Sentencing Transcript* offers any further insight into this issue.

characterization as an armed career criminal militates in favor of Petitioner. The Court cannot confidently conclude that Petitioner's prior conviction qualified as a "violent felony" without reference to the now-unconstitutional residual clause of the ACCA. The Court therefore concludes that Petitioner's breaking and entering conviction in Case No. B 82-0454 cannot qualify as a predicate "violent felony" under the ACCA, in view of the Supreme Court's decision in *Johnson*.

<u>Case No. B 82-3264</u>

In view of the foregoing, the Court need not address whether Petitioner's prior conviction in Case No. B 82-3264 qualifies as a violent felony under the ACCA or Petitioner's arguments that, in view of *Mathis*, neither of his 1982 convictions qualifies as a violent felony within the meaning of the ACCA. Notably, the Supreme Court has not held that its decision in *Mathis* applies retroactively to cases on collateral review, and other courts to consider the issue have concluded that it does not. *See, e.g., In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016); *United States v. Taylor*, 672 Fed. Appx. 860 (10th Cir. 2016); *Brodie v. United States*, No. 5:12CR-13-TBR, 2017 WL 2540570, at *2 (W.D. Ky. June 9, 2017); *Atkinson v. United States*, No. 1:16-cv-0067, 2017 WL 1227876 (W.D. Mich. Apr. 4, 2017); *United States v. King*, No. 2:09-cr-166, 2017 WL 978549 (S.D. Ohio Mar. 14, 2017). Therefore, Petitioner's claim under *Mathis* appears to be barred by the one-year statute of limitations established by 28 U.S.C. § 2255(f).

**Recommended Disposition**

It is therefore **RECOMMENDED** that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 51) be **GRANTED** and that Petitioner be resentenced on his conviction under 18 U.S.C. § 922(g)(1) without an ACCA enhancement.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

June 20, 2017